IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GEC, LLC )<br> )<br>     Plaintiff ) <br> )<br> v. )<br> )<br>ANDREW M. ZOGBY, and )<br>JOHN O'ROURKE )<br> )<br>     Defendants )<br> ) | Case No. 21-CV-_____<br><br>COMPLAINT FOR BREACH OF CONTRACT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, GEC, LLC ("GEC"), as and for a cause of action against Defendants states as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction hereof pursuant to 28 U.S.C. § 1332(a). The parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

2. GEC is a limited liability company organized and existing under the laws of the U.S. Virgin Islands. All of the Members of GEC are citizens of the U.S. Virgin Islands.

3. Defendant Andrew M. Zogby ("Zogby") is a citizen of a state of the United States and not a citizen of the U.S. Virgin Islands. Upon information and belief Zogby is a citizen of the state of Washington.

4. Defendant John O'Rourke ("O'Rourke") is a citizen of a state of the United States and not a citizen of the U.S. Virgin Islands. Upon information and belief O'Rourke is a citizen of the state of Washington.

### STATEMENT OF CLAIM

5. On or about December 31, 2014, GEC (as "Contractor") and JDC-Anna's Hope Associates, LLLP ("Owner") entered into an agreement for the construction of "Anna's Hope Affordable Housing Apartments" (the "Project") at Estate Anna's Hope, St. Croix, U.S. Virgin Islands (the "Construction Contract").

6. On or about December 31, 2014, GEC and Owner executed "Change Order No. 001" to the Construction Contract whereby the scope of work and construction price were amended to include construction of an independent off-grid microgrid electrical system for the Project (the "Microgrid System") to be designed constructed and installed by Alpha Technologies Services, Inc. ("Alpha"). The Microgrid System was to be designed installed and constructed by Alpha to provide continuous and reliable electrical power to the Project without the necessity of a permanent connection between the Project and the local electrical grid operated by the Virgin Islands Water and Power Authority ("WAPA").

7. The contract value of the Construction Contract, including Change Order No. 001 and other change orders thereto, was $14,931,020.00.

8. On or about July 7, 2015, GEC (as "Contractor") and Alpha (as "Subcontractor") entered into a certain "Purchase Order and Subcontract Agreement," GEC P.O. No. 050344.

9. On or about October 19, 2015, GEC and Alpha entered into a certain "Change Order #1" to GEC P.O. No. 050344. GEC P.O. No. 050344 and Change Order #1 thereto are collectively hereafter referred to as the "Alpha Subcontract." The contract value of the Alpha Subcontract was $1,685,040.00.

10. Pursuant to the Alpha Subcontract, Alpha undertook to design, install, construct, commission and deliver to the Owner a fully functional Microgrid System in full compliance with Change Order No. 001.

11. At all times relevant hereto Zogby was the President of Alpha and O'Rourke was the Secretary and Treasurer of Alpha. The Alpha Subcontract was signed and executed by Zogby and O'Rourke as officers of and on behalf of Alpha. The Alpha Subcontract contains the following clause binding both Zogby and O'Rourke:

> BY MY (OUR) [Zogby and O'Rourke] SIGNATURE [sic] BELOW ON BEHALF OF SUBCONTRACTOR [Alpha], I/WE UNRESERVEDLY PERSONALLY GUARANTEE COMPLETION OF ALL REQUIREMENTS OF THIS AGREEMENT.

12. Pursuant to the Alpha Subcontract, Alpha agreed to perform substantially all of the work and materials for design, procurement, construction, installation, and

commissioning of the Microgrid System which was the subject of Change Order No. 001 to the Construction Contract.

13. Alpha agreed to complete all work under the Alpha Subcontract on or before June 20, 2016, including, without limitation, the complete design, construction, installation, commissioning, and delivery of the complete Microgrid System to Owner.

14. Alpha, Zogby and O'Rourke warranted to GEC and Owner that Alpha possessed the requisite knowledge, expertise, capacity, competence, and wherewithal to timely design, construct, install, complete, permit, commission, and deliver the fully functioning Microgrid System in accordance with all plans and specifications and legal and regulatory requirements applicable to the Project.

15. Alpha, Zogby and O'Rourke breached the warranties as set forth in Paragraph 14, above. In particular, and without limitation, Alpha had never before designed constructed or installed a Microgrid System for a residential housing community remotely similar in size, capacity, scope or complexity to the Microgrid System and utterly lacked the experience or expertise to do so. Upon information and belief Alpha, Zogby and O'Rourke lacked any reasonable basis for believing that Alpha had such knowledge expertise and capacity. Upon information and belief Alpha, having belatedly come to understand its demonstrated incompetence in this area, has never undertaken to construct any remotely similar project since it executed the Alpha Subcontract and failed to successfully complete the Alpha Subcontract.

16. Alpha failed to timely perform its obligations under the Alpha Subcontract and failed to deliver an operating Microgrid System capable of producing reliable continuous independent electrical power to the Project as promised in the Alpha Subcontract. Alpha's failures to meet its obligations include, without limitation:

    a. Unexcused failure to complete the work in accordance with the completion date of the Alpha Subcontract.
    b. Failure to prosecute the work with promptness and diligence.
    c. Failure to provide adequate qualified on-site supervision.
    d. Failure to provide adequate qualified on-site manpower.
    e. Failure to comply with all Alpha Subcontract warranties.
    f. Failure to provide all materials and perform all items within Alpha's scope of work under the Alpha Subcontract.

     g. Failure to timely provide design documentation for critical System components and site infrastructure.
     h. Failure to timely prepare and submit permit applications.
     i. Failure to obtain local clearance for material shipments through U.S. Customs and Virgin Islands Tax Authorities.
     j. Failure to pay all freight, excise tax, duties and/or other fees for Alpha materials delivered to St. Croix.
     k. Failure to provide necessary shipping documentation for delivery of Alpha materials to St. Croix.
     l. Failure to provide sound attenuation for Microgrid components.
     m. Failure to provide Microgrid System design in conformance with the requirements of the Project Architect and Project Electrical Engineer.
     n. Failure to provide local transportation for Alpha materials to the construction site.
     o. Failure to provide local storage for Alpha materials pending installation.
     p. Failure to provide for removal of Alpha construction debris.
     q. Failure to provide material handling equipment for Alpha materials on site.
     r. Failure to provide initial electrical designs and components in compliance with the applicable Virgin Islands Electrical Code.
     s. Failure to timely communicate with GEC regarding Alpha progress and scope of work.
     t. Failure to protect work in advance of known hurricane threat.
     u. Failure to timely coordinate commissioning criteria with Project Owner.
     v. Refusal to comply with Owner's approved commissioning criteria.
     w. Failure to provide contract compliant Microgrid diesel generators.
     x. Failure to provide contract compliant Microgrid diesel generator permits.
     y. Failure to complete Microgrid System commissioning.

17. In the course of completing the General Contract, and in an attempt to expedite Alpha's performance of the Alpha Subcontract, GEC performed work and provided materials within Alpha's scope of work under the Alpha Subcontract, including, without limitation:

     a. Revised roof panel layouts.
     b. Provided and installed Microgrid electrical conduits.
     c. Provided supervision for correction to electrical design and installation to comply with Virgin Islands Electrical Code.
     d. Provided site supervision for Alpha sub-subcontractors in absence of any Alpha supervisory personnel.

*GEC, LLC v. Andrew P. Zogby and John O'Rourke*
**Complaint**
Page 5 of 7

      e. Designed layout of foundation pads for Micro-Grid components after repeated failure or refusal by Alpha to provide such designs.
      f. Paid ocean freight for Alpha materials.
      g. Provided administrative services for shipping Alpha materials to the Virgin Islands and to clear materials from U.S. Customs and Virgin Islands Tax Authorities.
      h. Provided equipment and labor for material handling in storage and on site.
      i. Provided storage for Alpha material pending installation.
      j. Provided local transportation for Alpha material from port of entry to project site.
      k. Paid fees for application and issuance of permits.
      l. Provided site survey work for layout of Micro-Grid components.
      m. Constructed a sound attenuation wall for Alpha installed equipment.

18. Alpha, Zogby and O'Rourke are indebted to GEC for the value of all work and materials performed and provided to the Project that were within Alpha's scope of work under the Alpha Subcontract.

19. In the course of its attempted performance of the Alpha Subcontract, Alpha negligently damaged roof membranes and other work installed by GEC and/or other subcontractors, requiring GEC to perform repairs at substantial expense to GEC.

20. The reasonable value of the work and materials delivered by Alpha to the Project is approximately zero or less than zero.

21. As a consequence of Alpha's failure to deliver to the Owner a fully operational, lawfully permitted and reliable Microgrid System on a "turnkey" basis no later than September 30, 2016, GEC has been compelled to expend substantial time effort and expense in attempting to achieve satisfactory completion of the Alpha Subcontract, all at substantial expense to GEC, including extended site overhead.

*GEC, LLC v. Andrew P. Zogby and John O'Rourke*
**Complaint**
Page 6 of 7

22. As a foreseeable and direct consequence of Alpha's failure to deliver to the Owner a fully operational lawfully permitted and reliable Microgrid System on a "turnkey" basis no later than September 30, 2016, GEC has been compelled to maintain the connection of the Project to the VIWAPA electrical grid and pay for commercial electrical service pending satisfactory delivery by Alpha of the Microgrid System or, alternatively, the construction of a functioning Microgrid System by a competent supplier of such systems. Such expenses are continuing and ongoing.

23. On or about July 23, 2018, Alpha, being in material and continuing default of its obligations under the Alpha Subcontract, GEC provided to Alpha notice of default and termination of the Alpha Subcontract effective as of July 30, 2018.

24. The Alpha Subcontract has been terminated for cause by GEC.

25. As a foreseeable and direct consequence of Alpha's breaches, as more fully set forth above, GEC has incurred and will continue to incur substantial damages well in excess of $75,000.00 exclusive of interest and costs.

26. By virtue of their personal guarantees of successful completion of the Alpha Subcontract, Zogby and O'Rourke are liable to GEC to the same extent that Alpha is liable to GEC for breach of contract and breach of warranty.

**WHEREFORE,** GEC demands judgment against Zogby and O'Rourke as follows:

A. Actual, direct, indirect, and consequential damages as may be proved at trial;

B. Pre-judgment and post-judgment interest on all such monetary relief;

C. An award of costs, including all fees and expenses; and

D. Such further relief as may be authorized at law or equity

**A JURY TRIAL IS DEMANDED ON ALL CLAIMS**

*GEC, LLC v. Andrew P. Zogby and John O'Rourke*
**Complaint**
Page 7 of 7

                                              Respectfully submitted,

                                              HUNTER & COLE
                                              Attorneys for GEC, LLC.

DATED: June 30, 2021                BY:   /s/Warren B. Cole
                                                        Warren B. Cole, Esq.
                                                        VI Bar No. 283
                                                        1138 King Street, Ste. 3
                                                        Christiansted, VI 00820
                                                        Tel.: (340) 773-3535
                                                        Fax: (340) 778-8241
                                                        wbcole@huntercolevi.com